BERTHA M. WALTERS, Appellant, *v.* ALBERT J. HERMAN, Respondent.

Fourth Department, November 14, 1945.

112

*Adon W. Crosby* and *Charles A. Hahl* for appellant.

*Edwin J. Culligan* for respondent.

*Per Curiam.* Although the record contains no final order, as such, the parties have treated the docket entries as, together, constituting a final order. We therefore so treat them, as a final order of removal containing a judgment in favor of petitioner for $100 rent and costs of $5.95. Both parties appealed to the County Court, where the final order was affirmed, without costs. Petitioner, alone, has appealed to this court. Since the granting of the final order necessarily established that the relationship of landlord and tenant existed at the time of the issuance of the precept; that the tenant was occupying the premises under the lease upon which the proceeding was based, and that there was unpaid rent due at the time the precept was issued, we doubt the authority of the justice to render a partial judgment for this rent. We reach the conclusion that the learned justice made this disposition because, perhaps, of a feeling that it was inequitable to award a judgment for the full amount of rent at the monthly rate of $50. He may have given but a partial judgment for this rent, leaving petitioner to another action for the balance, because the record is silent as to any basis other than a rental of $50 per month. While possibly a judgment for $650 rent might have been justified, we would not have been·inclined to disagree with the learned justice had there been proof warranting a lesser finding upon which he had given a substantially smaller judgment. The rental value would be of course some evidence of the value of the reasonable use. However, seemingly any testimony offered by defendant to prove the reasonable value would have been excluded.

As we view the present testimony it shows a situation where it could well be found that, as the result of the conversation

between the parties in December, 1942, it was agreed that, despite the notice, the tenancy was to continue after January 1, 1943, and that the only controversy is as to the amount of rent for which the tenant was to become liable on the first day of each month thereafter until either he removed his property from the premises, or petitioner gave him notice to vacate. In our opinion respondent failed to establish the agreement which he pleaded in his answer. He never surrendered possession but kept on the premises a considerable part of his equipment and retained the keys. As we have determined to reverse the order of the justice and the County Court and direct a new trial, we believe that on such new trial, assuming the testimony is the same or substantially so, as previously given, respondent should be permitted to make proof of the reasonable rental value per month of the premises, taking into consideration the use which he made of them after January 1, 1943. Petitioner, in addition to the right to have considered as evidence of the value of such use, rental agreed to be paid prior to January 1, 1943, should also be allowed, if she so elects, to present other testimony on the question of the monthly rental value after January 1, 1943. In the event of conflict in the testimony on value the trier of the facts will not be bound by that fixed by either party, but may, upon all the evidence, determine what he believes to be a fair rental under all the circumstances. There appears to us but little doubt of the liabilitiy of respondent for the December, 1942, rent of $50. From this record we can see no reason why the new trial should not be heard by the same Trial Justice, and so we direct it to proceed before him on a date to be fixed in the order. Appellant is allowed the costs of this appeal to abide the event.

All concur. Present — TAYLOR, P. J., DOWLING, HARRIS, LARKIN and LOVE, JJ.

Order of the Erie County Court and final order of the Justice of the Peace in and for the Town of Amherst reversed on the law and facts, without costs, and a new trial granted before the same Justice of the Peace, with costs in this court to the appellant to abide the event. New trial to be had on the 28th day of November, 1945, at 10:00 A.M.